IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ABBAS BEN AFSHARI, | ) | |
| | ) | Case No. CV-04-271-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| COBRA MANUFACTURING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Plaintiff Abbas Ben Afshari has sued defendant Cobra Manufacturing

Company, Inc., claiming they infringed his patent, United States Patent No.

6,725,854 ("the '854 patent").  Cobra denies Afshari's claim of infringement and

asserts that the patent is invalid.

Afshari has filed a motion for partial summary judgment alleging that one

Cobra device – the Easy Slide Extreme bow sight – infringes claim 7 of the '854

patent.  On April 25, 2006, the Court held oral argument and a *Markman* hearing,

and then took the motion under advisement.  For the reasons expressed below, the

Court finds as a matter of law that the Cobra device infringes claim 7 of the '854

**Memorandum Decision and Order -- Page 1**

patent.

## FACTUAL BACKGROUND

The'854 patent is for an illuminated archery sight used by bow hunters.  The structure described in the '854 patent is a sight pin used for aiming a bow, with the sight pin supporting the tip of a fiber optic member that provides an illuminated aiming indicia during times of low light.

The '854 patent consists of 12 claims.  Afshari claims in this summary judgment proceeding that the Cobra Easy Slide Extreme bow sight infringes claim 7 of the '854 patent.  The Court will begin its analysis by interpreting claim 7.[1]

## ANALYSIS

1.    **Claim Interpretation**

The interpretation of claims is a question of law.  *See Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996).  To ascertain the meaning of claims, the Court looks to three primary sources:  The claims themselves, the specifications, and the prosecution history.  *Id*. at 979

The Court must start with the words of the claims themselves.  *See Vitronics Corp. v. Conceptronic, Inc*., 90 F.3d 1576, 1582 (Fed. Cir. 1996).  Words in a

---

[1]  The Court interpreted this claim in a related case, *Afshari v. GWS*, Civil No. 04-277-E-BLW, and the discussion above is taken from that case.

**Memorandum Decision and Order -- Page 2**

claim are given their ordinary and customary meaning, although the patentee is free

"to be his or her own lexicographer and thus may use terms in a manner contrary to

or inconsistent with one or more of their ordinary meanings." *Id.* (quoting

*Hormone Research Foundation Inc. v. Genentech Inc.,* 904 F.2d 1558, 1563

(Fed.Cir. 1990)).

The elements of claim 7, quoted directly from the '854 patent, are set forth

as follows:

> A bow sight, comprising:
> a pin guard defining a sight window, said pin guard configured for coupling to a bow with at least one mounting member, said pin guard defining a channel in an exterior surface thereof, the channel at least partially exposed to ambient light;
>
> at least one sight pin coupled to said pin guard and extending into said sight window; and
>
> An elongate fiber optic member attached to said at least one sight pin having a first end and a second end, said first end supported by said at least one sight pin proximate said first end, said first end forming a sight indicia when viewing a front side of said at least one sight pin, and said elongate fiber optic member disposed at least partially within said channel for light gathering when the pin guard is exposed to light.

This claim is quite simple.  Because the claim contains no indication that it

is using terms in any special way, the Court will interpret this claim according to

the ordinary meaning of its terms.

Claim 7 describes a bow sight comprising a pin guard defining a sight

window.  The pin guard must be configured for coupling to a bow with at least one

mounting member.  Coupled to the pin guard is a sight pin, one end of which

extends into the sight window.  To that end is attached an elongate fiber optic

member, forming a sight indicia (an aiming aid) when viewed by the bow user.

The remainder of the fiber optic member is at least partially disposed within a

channel formed on the exterior of the pin guard to gather light when the pin guard

is exposed to light.  The channel could be a groove, conduit, or passageway that

contains the fiber optic member on the exterior of the pin guard and allows that

member to be exposed to light.  The pin guard itself is designed to protect the sight

pin and attached fiber optic member.  The pin guard may be in any configuration –

square, round, c-shaped, etc. – so long as it otherwise meets the elements of the

claim set forth above.

## 2.    <u>Infringement Analysis</u>

The Court must now determine whether the Cobra Easy Slide Extreme bow

sight infringes claim 7 as so interpreted.  To infringe, the Cobra device must

embody each claim limitation exactly or its equivalent.  *See Charles Greiner & Co.*

*v. Meri-Med Mfg.*, 962 F.2d 1031 (Fed. Cir. 1992).  "In determining an

infringement, resort must be had in the first instance to the words of the patent

claims, and if the accused device falls clearly and definitely within those claims,

**Memorandum Decision and Order -- Page 4**

infringement is made out." 6 *Walker on Patents* § 22.23 at 512 (1987).  This is known as literal infringement.  *Id.*

The lack of literal infringement does not end the analysis, however; the Court must go on to determine if the Doctrine of Equivalents applies.  *Id.* at 513.  The Doctrine of Equivalents is an equitable doctrine that prevents a fraud on the patent.  *See Graver Tank & Manufacturing Co. v. Linde Air Products Co.,* 339 U.S. 605 (1950).  Under the Doctrine of Equivalents, an accused product that does not literally infringe a claim may infringe "if it performs substantially the same function in substantially the same way to obtain the same result."  *Id.* at 608.

The Cobra device has a circular pin guard made of machined steel with a clear plastic insert.  The pin guard defines the sight window, protects the sight pin and fiber optic member, and is coupled to the mechanism for attaching the sight to a bow.

A channel runs along the exterior of the pin guard through which runs the wrappings of the fiber optic member, allowing it to be exposed to light.  A sight pin is coupled to the clear plastic portion of the pin guard and extends into the sight window.  To the tip of this sight pin is attached the tip of a fiber optic member, the remainder of which extends down through a hole in the clear plastic portion of the pin guard and then wraps around the pin guard's exterior channel where it is

**Memorandum Decision and Order -- Page 5**

exposed to light, as previously described.

This description of the Cobra device shows that it literally infringes each element of claim 7 of the '854 patent.  Cobra alleges, however, that the industry usage of the term "pin guard" confines it to a c-shaped structure that curves only part of the way around the sight pin.  Cobra asserts that the full-circle housing found on its device is known in the industry as a "scope" rather than a pin guard, and hence its device cannot literally infringe the patent.

The Court disagrees.  The '854 patent describes in words and pictures a full-circle protective housing that is identified as a "pin guard."  Claim 7 states that the pin guard "defines a sight window," a broad description that would encompass many different shapes – including a full-circle – so long as the shape defined a sight window and protected the sight pin and fiber optic member.  The Cobra device clearly falls within this description.

Cobra also argues that the sight pin is not coupled to the pin guard as required by the patent.  Again, the Court disagrees.  On the Cobra device, the sight pin, a separate item from the pin guard, is coupled to the clear plastic part of the pin guard.  That is precisely what claim 7 describes.

Summary judgment is appropriate in a patent case "when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury."

**Memorandum Decision and Order -- Page 6**

*TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed.Cir. 2002).

Here, the only conclusion that a reasonable jury could reach is that the Cobra Easy Slide Extreme bow sight infringes claim 7 of the '854 patent. The Court will therefore grant Afshari's motion for partial summary judgment on infringement.

## ORDER

In accordance with the terms of the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED, that Afshari's motion for Partial Summary Judgment on Issue of Infringement (Docket No. 21) is GRANTED. Accordingly, the Court finds as a matter of law that the Cobra Easy Slide Extreme bow sight infringes claim 7 of the '854 patent.

DATED: **May 8, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- Page 7**