IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABBAS BEN AFSHARI, ) | |
| ) | Case No. CV-04-271-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| COBRA MANUFACTURING ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## INTRODUCTION

The Court has before it Cobra's motion to exclude and motion to bifurcate. The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny both motions.

**1.   Motion to Exclude Dr. Green**

Cobra moves to exclude Dr. Green on the grounds that (1) he has never before testified on reasonable royalty rates, and (2) he revealed (in his deposition) an ignorance of numerous factors.

Dr. Green holds a doctorate in economics from Temple University and teaches economics at Idaho State University. He will testify concerning what

**Memorandum Decision and Order – Page 1**

would be a reasonable royalty for Cobra to pay to Afshari as royalties for infringement of the '854 patent.

Dr. Green states that he used a methodology described by Gordon Smith and Russell Parr, and that this methodology is generally accepted in the field of economics. *See Dr. Green Affidavit*. Cobra does not attack head-on either Dr. Green's expertise or his methodology. Instead, Cobra asserts that Dr. Green is ignorant of crucial matters.

Cobra neglects, however, to show why this ignorance matters. Does Dr. Green's methodology require knowledge of the matters that Cobra asserts he ignores? Cobra makes no such showing. Is the methodology itself faulty because it does not depend on knowledge of the matters that Cobra asserts he ignores? Again, Cobra makes no such showing.[1]

At this point, the Court cannot say that Dr. Green's ignorance renders his testimony unreliable.[2] Of course, Cobra retains the right to re-raise this objection at trial. But at this point, the Court refuses to exclude his testimony on this ground.

The Court does not understand Cobra to argue that Dr. Green's inexperience,

---

[1] Cobra's briefing lists ignored factors, but does not explain whether any of them are required to be considered in setting the royalty rate.

[2] The Court here assumes, *arguendo*, that Dr. Green is ignorant of the items listed by Cobra. In fact, Dr. Green claims knowledge of many of these items. *See Green Affidavit.* As set forth above, the reliability of Dr. Green remains an issue for trial.

**Memorandum Decision and Order – Page 2**

standing alone, is disqualifying.  At least Cobra cites no authority for that point.  Instead, his lack of experience in computing royalties would simply be one factor to consider in determining whether his testimony was reliable, a decision that must now await trial.

For all these reasons, the Court will deny the motion to exclude Dr. Green.

**2.     Motion to Bifurcate**

Cobra seeks to bifurcate liability from damages.  Afshari responds that he will only call one damage witness, Dr. Green, and that his direct testimony will take about two hours.  Given this, the Court can find no time savings from bifurcation.  Moreover, the Court can find no prejudice.  Dr. Green's testimony will be broken down by model, and so the jury should not be confused in setting royalty rates any models that they find infringing.

For all these reasons, the Court will deny this motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude (Docket No. 61) and the motion to bifurcate (Docket No. 52) are DENIED.

DATED: **May 4, 2007**

B. LYNN WINMILL
Chief Judge
United States District Court